835 F.2d 876
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNIVERSITY OF NORTH AMERICA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-5618.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 19, 1987.
Decided Nov. 24, 1987.
 
 The University of North America, appellant pro se.
 Debra Jo Stuart, Assistant United States Attorney, for appellees.
 Before K.K. HALL, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The University of North America appeals the district court's denial of its motion to quash a subpoena ordering its bank to turn over the University's bank records. The University also appeals the district court's denial of its motion to appoint independent counsel and a special grand jury to investigate the government's handling of its "dip scam" investigation.
 
 
 2
 The University asserts in conclusory fashion that the subpoena is part of a government conspiracy to destroy the University's first amendment rights. (R. 1, 3). The University, however, has made no factual allegations tending to show that the subpoena was issued for an improper purpose. It levels broad and unsubstantiated charges that the government is unjustly and illegally harassing nontraditional institutions. It also claims that an FBI agent posed as a student named Allen Jackson to try to manufacture a case against the school and to try to create "an artificial jurisdiction in the Western District of North Carolina." At most, the correspondence submitted by the University in support of its claim would suggest that the agent had used an alias and an altered transcript to investigate whether the University would sell a master's degree and whether it had made false claims that it was accredited. Contrary to the University's assertions, it does not have the right to be free from government investigation simply because it engages in an activity protected by the first amendment. This claim is without merit.
 
 
 3
 The University makes equally meritless assertions that the Western District of North Carolina has no jurisdiction over it because it no longer sends materials to North Carolina and because the only student it has in North Carolina is Allen Jackson, whom the University claims is a government agent. This claim is frivolous. The grand jury does not have to have jurisdiction over the University, as it is not trying to compel the University to do anything. In addition, the University's own allegations suggest that the grand jury is investigating the possibility of mail fraud in connection with materials it mailed to Allen Jackson in North Carolina, and the University does not allege that the materials were mailed to a district other than the Western District of North Carolina. Thus, the Western District of North Carolina grand jury could properly inquire into the matter. See 18 U.S.C. Sec. 3237(a). This is true regardless whether Jackson was a federal agent.
 
 
 4
 Finally, the University argues that the district court should have appointed independent counsel or a special grand jury to look into the government's "Dip Scam" investigation. In denying this request, the district court stated that the University had not shown sufficient grounds for the appointment of independent counsel and a special grand jury. We agree with the district court, especially as it is unclear whether the court even had the power to appoint independent counsel. See Ramos Colon v. United States Attorney, 576 F.2d 1, 7 (1st Cir.1978); 28 U.S.C. Secs. 49, 591, 592, and 593.
 
 
 5
 We affirm the district court's denial of the University's motions. We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and oral argument would not significantly aid the jurisdictional process.
 
 
 6
 AFFIRMED.